**Dismissed; Opinion Filed December 17, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-20-01039-CV
_____

### REGENT GENERAL CONTRACTORS, INC., Appellant
### V.
### 2016 OLD TOWN PLANO EAST, LTD., Appellee

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-03028-2020**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Carlyle
Opinion by Justice Myers

This is an appeal from the trial court's order granting appellee's motion to dismiss the underlying cause pursuant to Texas Rule of Civil Procedure 91a. *See* TEX. R. CIV. P. 91a (authorizing dismissal of baseless causes of action). The motion requested attorney's fees, but it reserved the issue for a future proceeding and asked the trial court to retain jurisdiction to consider the issue if the motion was granted. *See id.* 91a.7 (authorizing trial court to award prevailing party all costs and reasonable and necessary attorney fees incurred in connection to the challenged cause of action). The order recites in its entirety as follows:

Came on to be heard Defendant's Motion to Dismiss (the "Motion"). The Court having considered the Motion, the Response filed by Plaintiff, and argument of counsel, is of the opinion that the Motion should be, and hereby is, GRANTED.

IT IS SO ORDERED this 29th day of October, 2020.

Asserting the order is unappealable, appellee has filed a motion to dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Although more than ten days have passed, appellant has not filed a response.

Our jurisdiction is generally limited to appeals from final judgments and certain interlocutory orders as authorized by statute or rule. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When a case is determined without a conventional trial on the merits, as here, a judgment is final for purposes of appeal if it actually disposes of all parties and claims or includes unequivocal finality language such as "this judgment finally disposes of all parties and claims and is appealable." *See id.* at 205-06.

The order here grants the rule 91a motion but is silent as to attorney's fees, an issue specifically reserved for a later proceeding, and does not include unequivocal finality language. It is therefore not final and is appealable only if authorized by statute. Rule 91a, however, does not provide for an appeal from an interlocutory order, *see* TEX. R. CIV. P. 91a, and neither does any other statute or rule. *See In re Farmers Tex. Cty. Mut. Ins. Co.*, 604 S.W.3d 421, 429 (Tex. App.—San Antonio,

orig. proceeding).  Accordingly, we grant appellee's motion and dismiss the appeal.

*See* TEX. R. APP. P. 42.3(a).

/Lana Myers/
LANA MYERS
JUSTICE

201039F.P05/



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

REGENT GENERAL
CONTRACTORS, INC., Appellant

No. 05-20-01039-CV     V.

2016 OLD TOWN PLANO EAST,
LTD., Appellee

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-03028-
2020.
Opinion delivered by Justice Myers,
Justices Osborne and Carlyle
participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee 2016 Old Town Plano East, Ltd. recover its costs, if any, of this appeal from appellant Regent General Contractors, Inc.

Judgment entered this 17th day of December, 2020.